# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# DEL RIO DIVISION

| | | |
|---|---|---|
| SELMA STONE, Individually and on Behalf of All Others Similarly Situated,<br>   Plaintiffs,<br><br>v.<br><br>LIFE PARTNERS HOLDINGS, INC., BRIAN D. PARDO, DAVID M. MARTIN, and NINA PIPER,<br>   Defendants. | § § § § § § § § § § § | **Cause No. DR-11-CV-016-AM** |
| JEREMY GOAD, Individually and on Behalf of All Others Similarly Situated,<br>   Plaintiffs,<br><br>v.<br><br>LIFE PARTNERS HOLDINGS, INC., BRIAN D. PARDO, DAVID M. MARTIN, and NINA PIPER,<br>   Defendants. | § § § § § § § § § § § | **Cause No. DR-11-CV-017-AM** |
| JOY DITTBERNER, Individually and on Behalf of All Others Similarly Situated,<br>   Plaintiffs,<br><br>v.<br><br>LIFE PARTNERS HOLDINGS, INC., BRIAN D. PARDO, DAVID M. MARTIN, and NINA PIPER,<br>   Defendants. | § § § § § § § § § § § | **Cause No. DR-11-CV-019-AM** |

| | |
|---|---|
| DAVID G. SANTACROCE,<br>Individually and on Behalf of All Others<br>Similarly Situated,<br>　　Plaintiffs,<br><br>v.<br><br>LIFE PARTNERS HOLDINGS, INC.,<br>BRIAN D. PARDO, DAVID M.<br>MARTIN, and NINA PIPER,<br>　　Defendants. | Cause No. DR-11-CV-020-AM |
| J. MALCOLM GRAY, Individually and<br>on Behalf of All Others Similarly<br>Situated,<br>　　Plaintiffs,<br><br>v.<br><br>LIFE PARTNERS HOLDINGS, INC.,<br>BRIAN D. PARDO, DAVID M.<br>MARTIN, and NINA PIPER,<br>　　Defendants. | Cause No. DR-11-CV-021-AM |

## <u>ORDER</u>

Pending before the Court are Plaintiffs' Motions to Consolidate Civil Cases. Pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA") and Federal Rule of Civil Procedure 42(a). After careful consideration of the motions and supporting documents filed by the parties in the above-captioned actions, and for good cause shown, the Court concludes that the instant motions to consolidate should be granted for the above entitled and numbered civil actions, as well as any subsequently filed or transferred actions brought against the defendants that arise out

of the same operative facts with the same or similar securities claims.

The above numbered and titled cases include nearly identical factual allegations, common legal claims, and common legal questions. The same discovery will be relevant to all cases. Consolidation will not prejudice any party and will promote convenience and ensure judicial efficiency. However, the parties and the claims brought in cause numbers DR-11-CV-29 and DR-11-CV-30 will not be consolidated with this action because those cases bring separate legal claims which could cause confusion and potentially prejudice one or more party at this point in the litigation.

While the current posture of the case does not require the Court to appoint a permanent lead counsel under PSLRA class action standards, this Court did consider the potential that these consolidated actions may ultimately proceed as a class action under said Act. The "lead plaintiff" provision of the PSLRA creates the rebuttable presumption that the "most adequate plaintiff" is the party that has made a motion to be appointed lead plaintiff, has the largest financial interest in relief sought, and otherwise satisfies the requirements set out in Fed. R. Civ. Pro. 23. 15 U.S.C. § 78u-4(a)(3)(B)(I)-(iii). Under the current pleadings and facts alleged, plaintiff Stewart Scothorn is the presumptive lead plaintiff. Mr. Scothorn will be appointed the interim lead plaintiff; however, the Court reserves the right to make further findings and change that determination at the time it issues a ruling on the class certification issue.

While determining appointment of interim lead counsel, the Court again acknowledges the potential that this consolidated action may ultimately proceed as a class action. This Court considered the standard set forth in 15 U.S.C. § 78u-4(a)(3)(B)(v) and utilized all the basic requirements under Federal Rule of Civil Procedure 23(g)(1)-(2) in the determination of the

appointment of interim lead counsel. The Court finds that counsel selected and retained by Stewart Scothorn, the interim lead plaintiff, is an appropriate selection for the role of interim lead counsel. As such, the court designates Hagens, Berman, Sobol, Shapiro LLP as interim counsel, along with Shields, Britton & Fraser, P.C. as Liaison Counsel, pending a ruling on class certification. Fed. R. Civ. Pro. 23(g)(3).

Interim co-counsel shall have the authority over the following nonexclusive matters on behalf of plaintiffs and the putative class involved in this action:

(1) Directing, coordinating, and supervising the prosecution of all claims in the action, including the drafting and filing of consolidated or amended complaints, the briefing of any motion(s) to dismiss by any defendant, as well as any class certification motion and any matters pertaining thereto;

(2) Initiating and conducting discovery;

(3) Retaining experts;

(4) Communicating with the Court and/or defense counsel;

(5) Initiating and/or conducting settlement negotiations; and,

(6) Acting as a spokesperson at pretrial conferences.

**IT IS HEREBY ORDERED** that Cause Numbers DR-11-CV-016, DR-11-CV-017, DR-11-CV-0019, DR-11-CV-20, and DR-11-CV-21 are **CONSOLIDATED** and from here forward shall be numbered DR-11-CV-16 and entitled *Selma Stone, et al. v. Life Partners* for all purposes.

Stewart Scothorn is **APPOINTED** to serve as interim lead plaintiff for all claims arising out of the facts as alleged in the consolidated action.

Furthermore, the law firm of Hagens, Berman, Sobol, Shapiro, LLP. is **APPOINTED** to serve as interim lead counsel in this consolidated action. The firm of Shields, Britton, Fraser, P.C.

is **APPOINTED** to serve as interim liaison counsel.  Lead counsel and liaison counsel shall fairly and adequately represent the interest of the class.

The motion to consolidate cases DR-11-CV-29 and DR-11-CV-30 with the above consolidated action is **DENIED**.

SIGNED this 5th day of July, 2011.

_____
ALIA MOSES
UNITED STATES DISTRICT JUDGE