UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
DEL RIO DIVISION

| | |
|---|---|
| SELMA STONE, Individually and on Behalf of All Others Similarly Situated,<br><br>         Plaintiff,<br><br>    v.<br><br>LIFE PARTNERS HOLDINGS, INC., BRIAN D. PARDO, R. SCOT PEDEN, and DAVID M. MARTIN,<br><br>         Defendants. | Cause No. DR-11-CV-016-AM<br><br>CLASS ACTION |

**PLAINTIFF'S MOTION FOR VOLUNTARY DISMISSAL**

COME NOW THE PLAINTIFF, Stewart Scothorn (the "Plaintiff") and files his Motion to Dismiss pursuant to Fed. R. Civ. P. 41, and respectfully shows the Court as follows:

## I.   PRE-FILING CONFERENCE WITH DEFENDANTS

Plaintiff has been unable to have a pre-filing conference with any of the Defendants in this action. On August 20, 2015, attorney G. Kevin Buchanan withdrew as counsel, leaving each of the Defendants in this action unrepresented.[1] Plaintiff's counsel did not request a pre-filing conference due to concerns about contacting these unrepresented Defendants prior to the appearance of replacement counsel.

## II.   VOLUNTARY DISMISSAL SHOULD BE GRANTED

**A.   Plaintiff's Request for Voluntary Dismissal Comports With Federal Rule 41(a)(2)**

Pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure, Court approval is required to voluntarily dismiss any lawsuit after an answer has been filed by the defendants.[2] However, motions for voluntary dismissal generally "should be freely granted unless the non-moving party will suffer some plain legal prejudice other than the mere prospect of a second lawsuit." *Test Masters Educ. Servs. v. Robin Singh Educ. Servs.*, 799 F.3d 437, 448 (5th Cir. 2015). "Therefore, faced with a Rule 41(a)(2) motion the district court should first ask whether an unconditional dismissal will cause the non-movant to suffer plain legal prejudice. If not, it should generally, absent some evidence of abuse by the movant, grant the motion." *Id*. A Rule 41(a)(2) voluntary dismissal is generally a dismissal without prejudice. Fed. R. Civ. P. 41(a)(2).

---

[1] Dkt. No. 105.

[2] Rule 41(a)(1) allows for voluntary dismissal without Court Order pursuant to a stipulation of dismissal signed by all parties that have appeared. However, as described above, former counsel for all Defendants withdrew on August 20, 2015 (Dkt. No. 105), leaving these defendants unrepresented. Plaintiff's counsel thought it potentially inappropriate to attempt to negotiate a stipulation with unrepresented Defendants.

- 1 -

Here, there is no evidence or suggestion that the voluntary dismissal is sought by Plaintiff for any abusive reason, and no indication that any of the Defendants would suffer any legal prejudice by the dismissal being granted.  Accordingly, the voluntary dismissal should be granted under the liberal standard discussed above.

Although this action was filed as a putative class action, no additional requirements beyond this liberal Rule 41(a)(2) standard are implicated.  Although Rule 23(e) addresses the Court's supervisory role over voluntary dismissals in class actions, *it applies only in cases that have been certified as a class action*.[3]  The advisory committee notes to Rule 23(e) clarified that the rule did not apply to situations such as this case, where a class has not yet been certified:

> "Rule 23(e) ... resolves the ambiguity in former Rule 23(e)'s reference to dismissal or compromise of 'a class action.' That language could be--and at times was--read to require court approval of settlements with putative class representatives that resolved only individual claims . . . The new rule requires approval only if the claims, issues, or defenses of a *certified class* are resolved by a settlement, voluntary dismissal, or compromise."[4]

Because no class has yet been certified in this action, Rule 23(e) is inapplicable.[5]

**B.     No Class Members are Prejudiced by the Dismissal**

Further, no Class Members will be prejudiced by the requested dismissal because the case would not generate any recovery to the Class if it continued.  Even if the Class obtained a judgment, none of these Defendants have the financial capacity to pay a significant amount.

---

[3] *See* Fed. R. Civ. P. 23(e) ("The claims, issues, or defenses *of a certified class* may be settled, voluntarily dismissed, or compromised only with the court's approval." ) (emphasis added).

[4] Fed. R. Civ. P. 23 advisory committee's note (2003) (emphasis added).

[5] *See also In re Enron Corp. Sec., Derivative & "ERISA" Litig.*, 2007 U.S. Dist. LEXIS 5111 (S.D. Tex. Jan. 24, 2007) (Rule 23(e) "requires notice only for those class members who "would be bound" by the settlement, voluntary dismissal, or compromise.") (citing *Robb v. Stericycle, Inc*., 2005 U.S. Dist. LEXIS 41627 (W.D. La. Aug. 19, 2005)).

MANUAL FOR COMPLEX LITIGATION § 21.312 (4th ed. 2004)  ("Rule 23(e) requires notice of a settlement only if it would bind the class.").

010267-11  831579 V1

Defendant LPHI's shares traded at $0.01 each on November 20, 2015, giving the company a total market capitalization of just $186,470.[6] LPHI's sworn financial schedules filed in its bankruptcy action paint a similarly pessimistic picture, with the Company reporting a total of just $2,406,137.12 in assets, in the face of $52,772,308.74 in liabilities.[7] Of these liabilities, *a total of $4,258,855.86 are priority claims that must be paid in full before any amounts could be paid to unsecured creditors such as the putative Class*.[8] With substantially more in liabilities to creditors having priority claims than it has in assets, LPHI will be unable to contribute even a dime to any judgment that might be obtained by the putative Class.

Defendants Pardo, Peden, and Martin have previously provided sworn personal financial statements to Plaintiffs' counsel.  Barth Decl., ¶ 3 (App. 1).  Plaintiffs' counsel, also a licensed Certified Public Accountant, has reviewed these sworn financial statements, and performed confirming analysis of various public records.  Barth Decl., ¶¶ 2-4 (App. 1-2).  Based on the review of these sworn financial statements and confirming information, Plaintiff's counsel believes that none of the Individual Defendants have sufficient assets subject to execution to pay a judgment of any significant size, if Plaintiffs were to obtain such a judgment in this action. Barth Decl., ¶ 4 (App. 1-2).  Further, the SEC already has significant judgments against Defendants Pardo ($6,161,843) and Peden ($2,000,000).[9]  Further, the SEC has already levied upon the limited assets that were owned by these Defendants.[10]

---

[6] *See* App. 3-4 (Barth Decl., Ex. A (copy of data from Yahoo! Finance dated Nov. 20, 2015)).  The website can be accessed at:  http://finance.yahoo.com/q?s=LPHIQ&ql=0.

[7] *See*, Summary of Schedules, *In re Life Partners Holdings, Inc*., No. 15-40289 (Bankr. N.D. Tex.), filed March 10, 2015 (Dkt. No. 180), p. 32.

[8] *Id*.

[9] See App. 5-8 (Barth Decl., Exs. B & C).

[10] *See, e.g.* Writs of Execution, *Securities and Exchange Commission v. Life Partners Holdings, Inc. et al*., No. 1:12-cv-00033-JRN-AWA (W.D. Tex.), March 25, 2015, Dkt. Nos. 378 (two vehicles) and 379 (two airplanes).

Based on these facts, it is Plaintiff's counsel's opinion that any judgment obtained in this action would almost certainly be entirely uncollectible. Barth Decl., ¶ 4 (App. 1-2). It is axiomatic that neither the Class, nor any individual Class Member could be prejudiced by foregoing their share of an entirely uncollectible judgment.

### III. CONCLUSION

For the reasons stated above, Plaintiff's motion for an Order voluntarily dismissing this action without prejudice should be GRANTED.

DATED this 20th day of November, 2015

Respectfully submitted,

By  */s/ Karl P. Barth*
    Steve W. Berman
    Karl P. Barth
**HAGENS BERMAN SOBOL SHAPIRO LLP**
1918 Eighth Avenue, Suite 3300
Seattle, WA  98101
Telephone:  (206) 623-7292
Facsimile:  (206) 623-0594

Reed R. Kathrein
Peter E. Borkon
**HAGENS BERMAN SOBOL SHAPIRO LLP**
715 Hearst Avenue, Suite 202
Berkeley, CA  94710
Telephone:  (510) 725-3000
Facsimile:  (510) 725-3001

*Counsel for Lead Plaintiff and*
*Interim Lead Counsel for the Proposed Class*

- 4 -

John D. Fraser
**SHIELDS, BRITTON & FRASER, P.C.**
5401 Village Creek Drive
Plano, TX  75093
Telephone:  (972) 788-4020
Facsimile:   (972) 788-4332

*Interim Liaison Counsel for the Proposed Class*

Marc I. Gross
Jeremy A. Lieberman
**POMERANTZ HAUDEK GROSSMAN
    & GROSS, LLP**
100 Park Ave., 26th Floor
New York, NY  10017-5516
Telephone:  (212) 661-1100
Facsimile:   (212) 661-8665

Lionel Z. Glancy
Ex Kano S. Sams II
Robert V. Prongay
**GLANCY BINKOW & GOLDBERG LLP**
1801 Avenue of the Stars, Suite 311
Los Angeles, CA  90067
Telephone:   (310) 201-9150
Facsimile:   (310) 201-9160

Samuel K. Rosen
**HARWOOD FEFFER LLP**
488 Madison Avenue, 8th Floor
New York, NY  10022
Telephone : (212) 935-7400
Facsimile:    (212) 753-3630

*Additional Counsel for the Proposed Class*

- 5 -

- 6 -

**CERTIFICATE OF SERVICE**

     I hereby certify that on November 20, 2015, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel who have registered with the Court. All others were served a copy via U.S. mail.

                              By   *Karl P. Barth*

010267-11  831579 V1